MD

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br>　　　　　Plaintiff,<br>vs.<br>Rosario Rafael Burboa-Alvarez,<br>　　　　　Defendant/Movant. | No. CV 13-1204-PHX-ROS (LOA)<br>CR 12-1952-PHX-ROS<br>**ORDER** |

On June 14, 2013, Movant Rosario Rafael Burboa-Alvarez, who is presently confined in the Adams County Correctional Institution in Washington, Mississippi,[1] filed a *pro se* "Motion for Time Reduction by an Inmate in Federal Custody, (28 U.S.C. § 2255). In an Order dated August 31, 2013, the Court denied the Motion with leave to amend using the court-approved form. On September 16, 2013, Movant filed an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 4) ("Amended § 2255 Motion"). The Court will summarily dismiss the Amended § 2255 Motion.

**I.　Procedural History**

Pursuant to a plea agreement, Movant pled guilty to re-entry of removed alien, in violation of 8 U.S.C. § 1326(a), with a possible sentencing enhancement under 8 U.S.C. § 1326(b)(1) or (b)(2). The plea agreement provided for a sentencing range of 2 to 20

---

[1] Although Movant did not file a notice of change of address, he listed a new address on his Amended Motion. The Court will direct the Clerk of Court to enter Movant's new address on the Court's electronic docket.

years, depending on any applicable sentencing enhancement. On March 5, 2013, the Court sentenced Movant to a 46-month term of imprisonment followed by 3 years on supervised release.

Movant does not state what relief he is seeking, but asserts four grounds for relief in his Amended § 2255 Motion. In Ground One, Movant argues that he was denied effective assistance of counsel because his attorney failed to give notice of appeal after Movant asked him to do so. In Ground Two, Movant asserts that he was denied effective assistance of counsel because his attorney "induced [him] to plead guilty" by representing that Movant would not receive a sentence in excess of 36 months. In Ground Three, Movant asserts that his Sixth Amendment rights were violated because any fact that increases a defendant's sentence must be found by a jury beyond a reasonable doubt and he "did not necessarily waive his Sixth Amendment rights and consent to be sentenced on the basis of judicially found facts[.]" In Ground Four, Movant argues that his sentence is unreasonable because it is greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2)."

**II.     Summary Dismissal**

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

**III.    Waiver**

Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights."

*United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. *United States v. Hamilton*, 391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging the length of the sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *Pruitt*, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). *See also Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to

| | |
|---|---|
| 1 | attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of |
| 2 | counsel during sentencing."). |

As part of Movant's plea agreement, Movant made the following waiver:

> Providing the defendant's sentence is consistent with this agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and, (2) **any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c).** The defendant acknowledges that if the Court has sentenced the defendant according to the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

(Doc. 24) (emphasis added). Movant indicated in the plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Doc. 24).

Movant's assertions in the Amended § 2255 Motion all pertain to sentencing and do not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted the plea as voluntarily made. Consequently, the Court finds that Movant waived the sentencing issues raised in the Amended § 2255 Motion. Thus, the Court will summarily dismiss the Amended § 2255 Motion.

**IT IS ORDERED:**

(1) The Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 25 in CR 12-1952-PHX-ROS) is **denied** and the civil action

opened in connection with this Motion (CV 13-1204-PHX-ROS (LOA)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(2) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

(3) The Clerk of Court must correct the docket to reflect Movant's new address as listed on the Amended Motion and must send a copy of this Order to Movant at Adams County Correctional Institution, P.O. Box 1600, Washington, Mississippi 39190.

DATED this 4th day of November, 2013.

_____
Roslyn O. Silver
Senior United States District Judge